ANDREW J. CRANDALL, RESPONDENT, *v.* ROBERT BROWN, APPELLANT.

*Chattel mortgage — constructive possession cannot be taken under.*

Constructive possession cannot be taken under a chattel mortgage. To be effectual actual possession in fact must be taken.

APPEAL from a judgment in favor of the defendant, entered upon a verdict directed by the court after a question of fact had been, by consent of counsel, submitted to the jury.

*M. Fillmore Brown*, for the appellant.

*Chapman & Lyon*, for the respondent.

BOARDMAN, J.:

This action was brought for the conversion of a wagon. The complaint alleges an unlawful taking of the wagon from plaintiff's possession by the defendant, and also a demand by the plaintiff of

the defendant that he return the property, which the defendant refused to do, and alleges that defendant still wrongfully detains the property.

The answer sets up (1) a general denial; (2) a chattel mortgage; (3) possession, custody and control of the wagon at all times in plaintiff, and that defendant never had the possession thereof.

Upon the trial there is evidence of admissions and declarations that defendant had a chattel mortgage, held by Allen & Co. upon this wagon. Defendant and plaintiff had gone together to plaintiff's barn, where the wagon was kept, and defendant did what he considered making a levy — his idea was it was a taking of possession, but no possession in fact was ever taken by defendant or control exercised over this wagon. All the facts touching this so called levy are proved. The plaintiff and defendant do not essentially differ. Both agree that no actual possession was taken. The legal effect of the conduct of the parties was to leave the wagon in plaintiff's possession, with notice of Allen & Co.'s claim upon it by virtue of their chattel mortgage. The chattel mortgage, in fact, was not a lien upon the wagon, having been given by Johnson & Avery, the former owners of the wagon, after they had sold it to the plaintiff. So plaintiff had the title, the right to the possession and the actual possession of the wagon. Defendant, or Allen & Co., had no title to or lien upon the wagon, no possession or right of possession. The possession of plaintiff was subject to the lien, if legal and valid, of the chattel mortgage, and being responsible the property was left by defendant with the plaintiff with notice of the claim.

It is not believed this is such an interference with the possession as will make defendant liable as a wrong-doer for the value of the wagon. Nor will the admissions or declarations of possession be permitted to outweigh and overcome the conceded facts upon which the law determines the question of possession. We conclude, therefore, there was no original wrongful taking of this wagon for which defendant should be held liable, at most, beyond nominal damages, if at all.

If this conclusion be right, it would not be necessary to consider the alleged demand made by plaintiff for the return, and the

refusal by defendant to make return. But, conceding the making of such demand and refusal, and that there was a proper basis for the making of the demand, the jury by its verdict has defeated my cause of action founded on such demand and refusal. The jury has found that the defendant, before the service of the summons in this action, notified the plaintiff that the defendant relinquished all claim to the wagon. The wagon then being in plaintiff's possession, such notice was a compliance with the demand, and all that could be done by defendant by way of restoring plaintiff to his full rights. · This was just before the action was begun.

The plaintiff's error consists in claiming a return of property which has always been in his possession and under his control, property with the possession of which he has never parted, and in bringing this action after being notified that no claim was made to the property by virtue of the chattel mortgage or otherwise.

A levy under a valid execution, though no actual possession is taken, vests a title *sub modo* in the officer, for interference with which he can maintain an action. Such title in the officer gives him constructive possession. Hence he may be sued for his levy under his execution. (*Greene* v. *Burke*, 23 Wend., 490.)

But constructive possession cannot be taken under a chattel mortgage. The right to possession is by virtue of the contract and not, as in an execution, by virtue of the law. Possession must be taken in fact. There was not, therefore, any constructive possession by virtue of any act done by the defendant which would support this action. A chattel mortgage is not an execution. Possession cannot be taken by words and inspection. It would seem peculiarly harsh that an officer should, while acting in perfect good faith under a chattel mortgage, be required to pay the value of the property at all times in the plaintiff's custody and possession, while conceding that he makes no claim upon it.

We think the judgment is unjust and should be reversed and a new trial granted, costs to abide the event.

LEARNED, P. J., concurred; FOLLETT, J., not acting.

Judgment reversed and new trial granted, costs to abide event.